UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:   8:17-mc-00109-CEH-AEP

SEALED UNIT PARTS CO., INC.

    Plaintiff(s),

vs.

SYCOM SURGE, INC., N/K/A BREN TUCK, INC.; MARK TUCKER; DAVID ROSS BRENNAN; and TURNER SOLUTIONS, INC.,

    Defendant(s),
and

SUNTRUST BANK

    Garnishee,
_____/

### ANSWER OF THE GARNISHEE, SUNTRUST BANK

Garnishee, SUNTRUST BANK, hereby Answers the Writ of Garnishment ("Writ') served upon it as follows:

1. Garnishee had at the time of service of the Writ, plus sufficient time not to exceed one (1) business day, at the time of making this Answer and at all times between such periods, as designated:

| DAVID ROSS BRENNAN AKA ROSS BRENNAN<br>BEVERLY BRENNAN<br>10124 YACHT CLUB DR<br>TREASURE ISLAND FL 33706-3127<br>ACCOUNT # ENDING IN 2202<br>AMOUNT HELD: $2,361.72 | DAVID ROSS BRENNAN AKA ROSS BRENNAN<br>BEVERLY BRENNAN<br>10124 YACHT CLUB DR<br>TREASURE ISLAND FL 33706-3127<br>ACCOUNT # ENDING IN 0714<br>AMOUNT HELD: $106.72 |
|---|---|

**Garnishee has retained  $2,468.44  pursuant to the Writ.**

2. Prior to retaining the sum described above, Garnishee has offset an administrative fee of $100.00 as allowed by Garnishee's deposit agreement and not as an attorney fee.

1

3. Garnishee is in doubt as to whether the funds contained in the account # ('s) ending in 2202 and 0714 are subject to the Writ, since they may be held as Tenants by the Entirety.

4. Garnishee had at the time of service of the Writ, plus sufficient time not to exceed one (1) business day, at the time of making this Answer and at all times between such periods, no account designated MR. MARK TUCKER and/or SYCOM SURGE INC., N/K/A BREN TUCK, INC. and/or TURNER SOLUTIONS, INC.

5. Garnishee has no other tangible or intangible personal property of said Defendant in its possession or control at the time of this Answer, and had no such property in its possession or control at the time of service of the Writ, nor at any time between such periods.

6. Pursuant to Florida Statute 77.06(2), Garnishee does not know of any other person, firm, or corporation which has an ownership interest in the involved property or may have any of the goods and possessions of said Defendant, at the time of service of the Writ, plus sufficient time not to exceed one (1) business day, at the time of making this Answer and at all times between such periods, in its or their possession or control.

7. Garnishee has no obligation to make, and has not made, a factual determination whether the property of the Defendant(s) in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal Law.

### DEMAND FOR GARNISHMENT DEPOSIT

8. The undersigned counsel, a member of the Florida Bar and attorney for Garnishee, SUNTRUST BANK, has prepared this Answer to the Writ. If applicable, pursuant to Section 77.28, Florida Statutes, as amended effective July 1, 2014, the Plaintiff/Plaintiff's Counsel shall pay and remit the $100.00 attorney fee directly to SUNTRUST BANK. Alternatively, if funds are already on deposit with the Clerk of Court, the Garnishee hereby demands that the Clerk award the $100.00 statutory attorney garnishment fee for having legal representation in this garnishment action, payable to SUNTRUST BANK.

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by email to: MICHAEL H. MOODY, ESQ. (MOODYM@GTLAW.COM), Attorney for Plaintiff, this 21st day of November, 2017.

                    SUNTRUST BANK

                  By: ___/s/ John A. Barry___
                        JOHN A. BARRY
                        **<u>FLpleadings@suntrust.com</u>**
                        Florida Bar No.: 671541
                        FL-Orlando-7136
                        7455 Chancellor Dr
                        Orlando, Florida 32809
                        Telephone:  (407) 237-4640
                        Attorney for Garnishee
                        Our Ref: 330927