UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEALED UNIT PARTS CO., INC.,

    Judgment Creditor,

v.                                         Case No.: 8:17-mc-00109-CEH-AEP

SYCOM SURGE, INC. N/K/A BREN
TUCK, INC.; MARK TUCKER; DAVID
ROSS BRENNAN; and TURNER
SOLUTIONS, INC.,

    Judgment Debtors
_____/

**JUDGMENT DEBTOR, DAVID ROSS BRENNAN'S, MOTION TO
DISSOLVE WRIT OF GARNISHMENT (DOC. 9)
AND INCORPORATED MEMORANDUM OF LAW**

Judgment Debtor, David Ross Brennan ("Brennan"), by and through his undersigned counsel, hereby moves this Court for entry of an order dissolving a writ of garnishment (Doc. 9), and in support thereof, Brennan states as follows:

1. One (1) writ of garnishment was issued by the clerk of the court on October 13, 2017 (Doc. 9) (the "Writ") in favor of Sealed Unit Parts Co., Inc. (the "Judgment Creditor").

2. The Writ was served on SunTrust Bank ("SunTrust") on or around November 7, 2017.

3. The Writ is directed to SunTrust and to accounts allegedly held at SunTrust by Brennan.

4. In the instant matter, Brennan is one of several judgment debtors against which a judgment has been entered. Beverly Brennan, his wife, is not a judgment debtor and owes no debt to the Judgment Creditor.

1

5. Through the Writ, the Judgment Creditor seeks to have SunTrust redirect all contents of Brennan's accounts at SunTrust to the Judgment Creditor.

6. However, any accounts at SunTrust are held by Brennan and his wife, Beverly Brennan (collectively, the "Brennans") as tenants by the entirety. Therefore, the funds present in these accounts are protected from garnishment by the Plaintiff in this matter.

## MEMORANDUM OF LAW

7. "Before a final judgment in garnishment is entered, the trial court should conclusively determine the interests in the funds and the applicable law thereto." *Stanbro v. McCormick 105, LLC*, 213 So. 3d 925 (Fla. 4th DCA 2017). In this matter, the funds sought by the Judgment Creditor are not reachable as these funds are not the sole property of Brennan.

8. To that end, "funds owned by a husband and wife as tenants by the entireties are beyond the reach of a creditor . . . ." *See Branch Banking and Trust Company v. ARK Development/Oceanview, LLC*, 150 So. 3d 817, 821 (Fla. 4th DCA 2014). "Such funds are immune from garnishment except where the debt was incurred by both spouses." *Id* at 821.

9. Put another way:

> when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse.

*Beal Bank, SSB v. Almand and Associates*, 780 So. 2d 45 (2001). This is because "property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole. *Id* at 53.

10. Under Florida law, a bank account titled in the name of two persons who are husband and wife "shall be considered a tenancy by the entirety unless otherwise specified in writing." *See* Section 655.79, *Florida Statutes.*

11. Significantly, this presumption "is not rebuttable, . . . although it could be set aside if fraud were proven." *Bridgeview Bank Grp. v. Callaghan,* 84 So.3d 1154, 1155 (Fla. 4th DCA 2012) (citing *Losey v. Losey,* 221 So.2d 417 (Fla.1969)). *See also Roberts-Dude v. JP Morgan Chase Bank, N.A.*, 498 B.R. 348, 354–55 (S.D. Fla. 2013).

12. In the instant matter, SunTrust responded to its notice of the Writ by saying that it had two (2) accounts held by Brennan at its bank.

13. In fact, SunTrust's response specifically states that it is in doubt as to whether the funds contained in the identified accounts are subject to the Writ as "they may be held as Tenants by the Entirety."

14. The accounts identified by SunTrust as belonging to Brennan are actually held by the Brennans as tenants by the entirety. Therefore, the accounts and the funds held in those accounts are not subject to the Writ as Plaintiff does not possess a judgment against the Brennans. Instead, Plaintiff holds a judgment only against Brennan.

WHEREFORE, Brennan respectfully requests that this Court enter an order that states as follows:

(a) Brennan's Motion to Dissolve Writ of Garnishment is granted;

(b) The Writ is dissolved and SunTrust is discharged from any liability whatsoever under the Writ; and

(c) Any other further relief that this Court deems just and proper.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801

3

Telephone: (407) 966-2680
mnardella@nardellalaw.com
afebres@nardellalaw.com

*Counsel for David Ross Brennan*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

I certify that, pursuant to Local Rule 3.01(g), undersigned counsel for Mr. Brennan called opposing counsel representing Plaintiff on November 28, 2017. After discussing the matter, Defendant's counsel and Judgment Creditor's counsel were unable to reach an agreement on this matter.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 30th day of November, 2017.  As such, the foregoing was served electronically upon all counsel below listed on November 30, 2017.

Michael H. Moody, Esq.
Greenberg Traurig, P.A.
101 E. College Avenue
Tallahassee, FL 32301
moodym@gtlaw.com
*Counsel for Judgment Creditor*

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.

4