UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEALED UNIT PARTS CO., INC.,

    Judgment Creditor,

v.                                        Case No.: 8:17-mc-00109-CEH-AEP

SYCOM SURGE, INC. N/K/A BREN
TUCK, INC.; MARK TUCKER; DAVID
ROSS BRENNAN; and TURNER
SOLUTIONS, INC.,

    Judgment Debtors
_____/

**JUDGMENT DEBTOR, DAVID ROSS BRENNAN'S, MOTION TO
DISSOLVE WRIT OF GARNISHMENT (DOC. 11)
AND INCORPORATED MEMORANDUM OF LAW**

    Judgment Debtor, David Ross Brennan ("Brennan"), by and through his undersigned counsel, hereby moves this Court for entry of an order dissolving a writ of garnishment (Doc. 11), and in support thereof, Brennan states as follows:

    1.    One (1) writ of garnishment was issued by the clerk of the court on October 13, 2017 (Doc. 11) (the "Writ") in favor of Sealed Unit Parts Co., Inc. (the "Judgment Creditor").

    2.    The Writ was served on Branch Banking and Trust Company ("BB&T") on or around November 9, 2017.

    3.    The Writ is directed to BB&T and to accounts allegedly held at BB&T by Brennan.

    4.    Through the Writ, the Judgment Creditor seeks to have BB&T redirect all contents of Brennan's account(s) at BB&T to the Judgment Creditor.

1

5. However, any account held by Brennan at BB&T is a trust account in which Brennan serves as trustee for an individual that is not a judgment debtor and is not involved in the instant matter.

6. Therefore, the funds present in the BB&T account are protected from garnishment by the Judgment Creditor in this matter.

## MEMORANDUM OF LAW

7. "Before a final judgment in garnishment is entered, the trial court should conclusively determine the interests in the funds and the applicable law thereto." *Stanbro v. McCormick 105, LLC*, 213 So. 3d 925 (Fla. 4th DCA 2017). In this matter, the funds sought by the Judgment Creditor are not reachable as these funds do not belong to Brennan and are not his sole property.

8. To that end, "property which is not actually and in good conscience deemed to be owned by the debtor may not be secured by the judgment creditor." *Id* at 927. Further, when a bank account "contains more than one name and a third party named on the account claims ownership of the account's funds, the garnishor must prove that the garnished funds belong exclusively to the debtor." *Id* at 927. Finally, "it is the garnishor's burden to prove that the property garnished was the property of the debtor." *Id* at 927.

9. In a similar case, a bank account was titled "Donald Standbro and Carol Perfect Revocable Trust" and listed "Donald L. Stanbro & Carol R. Perfect, Trustee." *Id* at 927. The court in that matter ruled that the garnishor failed to rebut the evidence that the funds in the account were not the property of the debtor. *Id* at 927. Therefore, the funds in the account were not subject to garnishment.

10. In another case, a court stated that a true trust account, one which meets the requirements of a trust, such as having a settlor, a trustee, a beneficiary and an expressed intent to create a valid legal trust would not be subject to garnishment. *Sun Bank/North Florida N.A.. V. Bisbee-Baldwin Ins. Co.*, 559 So. 2d 351 (Fla. 1st DCA 1990). These two cases represent the exact situation in the instant matter.

11. In the instant matter, the trust account held at BB&T is titled Lauren Jones Irrevocable Trust. Further, it meets all the requirements of a legal trust account. It has a settlor, a beneficiary, Lauren Jones, a co-trustee, Brennan, and an expressed intent to create a valid legal trust.

12. The account identified by BB&T is actually not held by Brennan. Rather, Brennan is merely listed as the trustee on a trust account that is established for the benefit of Lauren Jones. Brennan has no beneficial interest in the account and the funds in the account do not belong to him.

13. Additionally, the Judgment Creditor has failed to establish that the funds in the account at BB&T exclusively belong to Brennan. Rather, the account at BB&T is titled in the name of Lauren Jones As a result, the funds in the account are not able to be garnished by the Judgment Creditor.

WHEREFORE, Brennan respectfully requests that this Court enter an order that states as follows:

(a) Brennan's Motion to Dissolve Writ of Garnishment is granted;

(b) The Writ is dissolved and BB&T is discharged from any liability whatsoever under the Writ; and

(c) Any other further relief that this Court deems just and proper.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
Telephone: (407) 966-2680
mnardella@nardellalaw.com
afebres@nardellalaw.com

*Counsel for David Ross Brennan*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

I certify that, pursuant to Local Rule 3.01(g), undersigned counsel for Defendants called opposing counsel representing the Judgment Creditor on November 28, 2017 at 4:50pm. After discussing the matter, Defendant's counsel and Judgment Creditor's counsel were unable to reach an agreement on this matter.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using CM/ECF on this 30th day of November, 2017. As such, the foregoing was served electronically upon all counsel below listed on November 30, 2017.

Michael H. Moody, Esq.
Greenberg Traurig, P.A.
101 E. College Avenue
Tallahassee, FL 32301
moodym@gtlaw.com
*Counsel for Judgment Creditor*

/s/ Michael A. Nardella
Michael A. Nardella, Esq.

4