UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEALED UNIT PARTS CO., INC.,

    Judgment Creditor,

v.                                                              Case No. 8:17-mc-00109-CEH-AEP

SYCOM SURGE, INC. N/K/A BREN TUCK, INC.; MARK TUCKER; DAVID ROSS BRENNAN; AND TURNER SOLUTIONS, INC.

    Judgment Debtors.

_____/

**STIPULATED FINAL JUDGMENT ON WRIT OF GARNISHMENT TO BRANCH BANKING AND TRUST COMPANY**

**THIS MATTER** is before the Court on Judgment Creditor, Sealed Unit Parts Co., Inc.'s, Writ of Garnishment to Branch Banking and Trust Company ("BB&T") (D.E. 11).

On October 18, 2017, Judgment Creditor filed its *Ex Parte* Motion for Writ of Garnishment to BB&T (D.E. 11). The Court clerk duly issued the Writ of Garnishment to BB&T on the same day.

In accordance with Section 77.041, Florida Statutes, Judgment Creditor served a copy of its *Ex Parte* Motion for Writ of Garnishment to BB&T, a copy of the Writ of Garnishment issued to BB&T, and the statutory Notice to Defendants of their Rights Against Garnishment of Wages, Money, and Other Property, to each Defendants' last known address within five (5) business days after the Writ of Garnishment to BB&T was issued. *See* Notice of Filing D.E. 20. The Writ of Garnishment was served on BB&T by the United States Marshalls Service on November 9, 2017. *See* Notice of Filing Return of Service (D.E. 29).

On November 21, 2017, BB&T filed its answer to the Writ of Garnishment (D.E. 32).

BB&T's answer revealed that it held five (5) accounts believed to be subject to the Writ of Garnishment including: (1) Account No. XXXX8603 in the name of the Lauren Jones Irrevocable Trust, containing $4,452.95; (2) Account No.: XXXX9840 in the name of Mark Tucker, containing $129.21; (3) Account No.: XXXX6606 in the name of Justin D. Turner and Mark Tucker, containing $218.27; (4) Account No.: XXXX6387 in the name of Mark Tucker, containing $105.00; and (5) Account No.: XXXX5931 in the name of Turner Solutions Inc. containing $42,170.00.

In accordance with Section 77.055, Florida Statutes, Judgment Creditor served a copy of BB&T's answer and a notice advising Judgment Debtors that they must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the Motion for Writ of Garnishment is untrue. *See* Notice of Filing (D.E. 34).

The only Judgment Debtor to file a response or objection to the Writ of Garnishment to BB&T was David Ross Brennan. On November 30, 2017, Mr. Brennan filed a Motion to Dissolve In Part the Writ of Garnishment to BB&T (D.E. 39). The Motion sought to dissolve the Writ of Garnishment to BB&T only insofar as it garnished Account No.: Account No. XXXX8603 in the name of the Lauren Jones Irrevocable Trust, contending Mr. Brennan is a trustee and non-beneficiary of that particular account. The Motion did not challenge Judgment Creditor's garnishment of any of the other four accounts identified in BB&T's Answer. On December 15, 2017, Mr. Brennan filed a separate Claim of Exemption and Request for Hearing (D.E. 62) stating the same limited objection to garnishment with respect to Account No. XXXX8603 in the name of the Lauren Jones Irrevocable Trust.

No other responses, objections, or claims of exemption have been filed with respect to the Writ of Garnishment to BB&T.  Accordingly it is

**ORDERED** and **ADJUDGED** as follows:

1. Judgment Creditor, Sealed Unit Parts Co., Inc., shall receive and recover from Garnishee, Branch Banking and Trust Company, whose address is c/o Alissa M. Ellison, Esq. GrayRobinson, P.A., 401 E. Jackson Street, Suite 2700, Tampa, Florida 33602, all funds in any account to which Judgment Debtors have signatory authority, including, but not limited to: (1) Account No.: XXXX9840 in the name of Mark Tucker; (2) Account No.: XXXX6606 in the name of Justin D. Turner and Mark Tucker; (4) Account No.: XXXX6387 in the name of Mark Tucker; and (5) Account No.: XXXX5931 in the name of Turner Solutions Inc.

2. Notwithstanding the foreoing, the Writ of Garnishment is hereby dissolved with respect to Account No. XXXX8603 in the name of the Lauren Jones Irrevocable Trust.

3. Garnishee shall release all monies due and payable under the Writ of Garnishment to Judgment Creditor to Greenberg Traurig, P.A.'s trust account at the following address: c/o Michael H. Moody, Esq., Greenberg Traurig, P.A., 101 E. College Ave., Tallahassee, Florida 32301.

4. Garnishee, Branch Banking and Trust Company, is entitled to collect $100.00 in garnishee attorney's fees and costs from the accounts withheld under the Writ of Garnishment, which amount is taxable by Judgment Creditor against Judgment Debtors and shall bear interest at the legal rate, for all of which let execution issue.

5. This Court reserves jurisdiction to enter all further orders as necessary, including but not limited to, all orders necessary to enforce this judgment and to enter an award of Judgment Creditors' costs against Judgment Debtors.

6. This judgment is without prejudice to Judgment Creditors' rights to collect should Garnishee become indebted to Judgment Debtors at any time in the future.

**DONE AND ORDERED,** in Chambers in Tampa, Florida on this _____ day of March, 2018.

                                                                        _____
                                                         U.S. District Judge Charlene E. Honeywell