UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEALED UNIT PARTS CO. INC.,

    Plaintiff,

v.                                                Case No. 8:17-mc-109-T-36AEP

SYCOM SURGE, INC., *et al.*,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Supplementary Defendants' (collectively, the "Defendants") Motion to Dismiss Judgment Creditor's Supplemental Complaint (Doc. 98), Supplementary Defendants' Motion to Dismiss Counts II through V of the Supplemental Complaint for Lack of Subject Matter Jurisdiction (Doc. 113), and Plaintiff's/Judgment Creditor's Sealed Unit Parts Co. Inc. ("SUP") Responses in Opposition (Docs. 110 & 114). In the Motions to Dismiss, the Defendants are asking this Court to dismiss the Supplemental Complaint (Doc. 82) for failure to state a claim upon which relief may be granted by the court and lack of subject matter jurisdiction. For the following reasons, the Motions to Dismiss (Docs. 98 & 113) are to be denied as to Counts I, II, III, and V, and Count IV is to be dismissed upon SUP's consent.

**I.    Background**

SUP brought this action to collect upon a consent final judgment ("Final Judgment") obtained in the U.S. District Court for the District of New Jersey against Sycom Surge, Inc. ("Sycom"), Mark Tucker ("Tucker"), David Ross Brennan ("Mr. Brennan"), and Turner Solutions, Inc. ("TSI"). On October 4, 2017, SUP registered the Final Judgment in this Court

in accordance with 28 U.S.C. § 1963. The Final Judgment, *inter alia*, states that Mr. Brennan received a fraudulent transfer. The final judgment imposed joint and several liability on Sycom, Mr. Tucker, Mr. Brennan, and TSI in the initial principal amount of Two Million Seven Hundred and Sixty Thousand Dollars ($2,760,000), plus continually accruing post-judgment interest as provided by 28 U.S.C. § 1961, at the rate of 1.15% per annum. The Final Judgment does not include Mrs. Brennan or 12929 44th Street, LLC as co-recipients of the fraudulent transfer, and they were not parties to the Original Case. The Supplemental Complaint is brought under proceedings supplementary per §56.29, Florida Statutes, and brought against Mrs. Brennan and 12929 44th Street, LLC as impleaded third parties.

## II.     Standard of Review

### A.     Rule 12(b)(1)

The Defendants seek to partially dismiss SUP's Supplemental Complaint for lack of subject matter jurisdiction. "According to *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "If the challenge is facial [as here], the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Id.* (internal citations omitted). "Accordingly, the court must consider the allegations in the plaintiff's complaint as true." *Id.* (internal citations omitted).

### B.     Rule 12(b)(6)

Alternatively, the Defendants move to dismiss SUP's Supplemental Complaint for failure to state a viable claim for relief. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *F.D.I.C. v. Whitley*, 2:12-CV-00170-WCO,

2012 WL 9494093, at *1 (N.D. Ga. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a). On a motion to dismiss, federal courts accept as true "all facts set forth in the plaintiff's complaint." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.12 (11th Cir. 2005). However, a plaintiff must furnish more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Whitley*, 2012 WL 9494093, at *1 (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "If a plaintiff fails to make sufficient allegations in his complaint such that an affirmative defense appears on its face, his complaint may be subject to dismissal under Rule 12(b)(6)." *Singleton v. Dep't of Corr.*, 277 Fed. App'x 921, 923 (11th Cir. 2008).

**III.  Discussion**

**A.  Count I – Avoidance and Recovery of Transfers Pursuant to Section 56.29(3)(a) and (b), Florida Statutes**

The Defendants argue that Count I should be dismissed for failure to state a viable claim for relief. Specifically, the Defendants argue that SUP failed to satisfy the pleading standard set forth in *Iqbal*. Fla. Stat. § 56.29 (3)(a) provides that,

> When, within 1 year before the service of process on the judgment debtor in the original proceeding or action, the judgment debtor has had title to, or paid the purchase price of, any personal property to which the judgment debtor's spouse, any relative, or any person on confidential terms with the judgment debtor claims title and right of possession, the judgment debtor has the burden of proof to establish

3

> that such transfer or gift was not made to delay, hinder, or defraud creditors. Fla. Stat. § 56.29 (3)(a).

In the Supplemental Complaint, SUP alleges that, within one year before the date of service of process on Mr. Brennan in the suit that concluded in the entry of the Final Judgment, Mr. Brennan had title to, or paid the purchase price of, personal property to which Mr. Brennan's spouse, Beverly Brennan, now claims title and right of possession (Doc. 82, at ¶ 11). To that effect, SUP alleges that such personal properly consisted of boat(s), personal watercraft(s), financial accounts, real properties, and interests in one or more corporate entities or limited liability companies (Doc. 82, at ¶ 12). Further, SUP alleges that such transfers were made to delay, hinder, and defraud creditors, including themselves (Doc. 82, at ¶ 13). SUP also explains that these allegations were as specific as they could currently be as the Defendants have not been forthcoming in their responses (Doc. 110). Nevertheless, though SUP's claims were not specific, they need not be. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. If the Court takes all of SUP's facts as true, their allegation that the Judgment Debtor fraudulently transferred "boat(s), personal watercraft(s), financial accounts, real properties, and interests in one or more corporate entities or limited liability companies" is enough to "allow the court to draw a reasonable inference that the defendant is liable for the misconduct…" *Iqbal*, 556 U.S. at 678. Thus, Count I of the Supplemental Complaint states a viable claim for relief and the Defendants' request for dismissing Count I is due to be denied.

### B. Count II – Avoidance and Recovery of Actually Fraudulent Transfers Pursuant to Section 726.105(1)(a) (against Beverly Brennan and 12929 44th Street, LLC)

Next, the Defendants argue that Count II should be dismissed for two reasons. First, the Defendants contend that SUP failed to satisfy the pleading standard set forth in *Iqbal*. Second, the Defendants contend that the Court does not have ancillary jurisdiction. Fla. Stat. §

726.105(1)(a) provides that "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation … [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Fla. Stat. § 726.105(1)(a).

First, the Court must decide whether ancillary jurisdiction extends to the supplementary proceedings initiated by SUP. Ancillary jurisdiction exists in two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996). The latter category encompasses "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments-- including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Id.* at 356 (citations omitted). Importantly, while "the Court has jurisdiction to implead" third parties to "disgorge assets . . . fraudulently transferred to it, the Court lacks jurisdiction to hold [third parties] liable for [a] Judgment" unless the moving party "separately establishes the Court's original jurisdiction over such a claim." *KHI Liquidation Tr.*, 2018 U.S. Dist. LEXIS 60551, at *2-3; *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015) (quoting *Peacock*, 516 U.S. at 359 (noting that ancillary jurisdiction does not extend to "a new lawsuit to impose liability for a judgment on a third party.")).

The Defendants contend that the Court does not have subject matter jurisdiction because SUP is seeking to make Mrs. Brennan and 12929 44th Street, LLC co-liable on the Final Judgment. Nevertheless, based on the telephonic hearing held on November 14, 2018 and the allegations set forth in the Supplemental Complaint, the Court finds the contention unavailing. Just as in *Straub*, SUP is solely seeking to recover the value of the fraudulently transferred

assets to Beverly Brennan and 12929 44th Street LLC, rather than co-liability on the Final Judgment (Doc. 82); *Straub*, 776 F.3d at 787 (holding that ancillary jurisdiction was appropriate over the supplemental proceeding as the defendant's liability was "limited instead to the proceeds . . . fraudulently transferred to him," rather than any excess amount). Thus, the Court has ancillary jurisdiction over Count II of SUP's supplementary proceeding against the Defendants.

Further, SUP alleged enough facts to satisfy the pleading standard set forth in *Iqbal* and the required factors under the statute. For a pleading to be sufficient to allege an actually fraudulent transfer under this statute, it must allege "(1) they were creditors who were defrauded; (2) that defendant intended to commit the fraud; and (3) that the fraud involved a conveyance of property that could have been applicable to the payment of the debt due." *Feldkamp v. Long Bay Partners, LLC*, 773 F. Supp. 2d 1273, 1286 (M.D. Fla. 2011), *aff'd*, *Feldkamp v. Long Bay Partners, LLC*, 453 F. App'x 929, 931 (11th Cir. 2012); *see also Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1369-71 (S.D. Fla. 2011) (citing the same requirements to survive a motion to dismiss under the statute). First, SUP alleged that they were "creditors who were defrauded," particularly when alleging that "[e]ach of the Actually Fraudulent Transfers were made with the actual intent to hinder, delay, or defraud a creditor (*specifically SUPCO*)" (Doc. 82, at ¶ 23) (emphasis added). Then, SUP included numerous "badges of fraud" to support "that defendant intended to commit the fraud." Fla. Stat. § 726.105(1)-(2) (allowing a plaintiff to plead "badges of fraud" to show intent):

> Each of the Actually Fraudulent Transfers were accompanied by a plethora of badges of fraud, including that the Actually Fraudulent Transfers were made to: an insider; the debtor retained possession or control over the property transferred after the transfer; the transfers were concealed; before the transfer was made, the debtor had been sued; the result of the transfers was the removal or concealment of assets from SUPCO; the consideration (to the extent there was any at all) received by

> Beverly Brennan and 12929 44th Street, LLC, was not
> reasonably equivalent to the value of the asset transferred . . .

(Doc. 82, at ¶ 25).

Finally, SUP also met the final pleading requirement by alleging that no reasonable equivalent value was given in exchange for each of the actually fraudulent transfers and "the debtor was insolvent as it relates to payment to SUPCO or became insolvent shortly after the transfers were made; and the transfers occurred shortly before or shortly after a substantial debt to SUPCO (the Final Judgment) was incurred." (Doc. 82, at ¶¶ 24-25). As such, SUP has satisfied its burden of showing, under Count II of the Supplemental Complaint, that there was a creditor to be defrauded (SUP), a debtor intending fraud (Mr. Brennan), and conveyance of property that could have been applied to payment of the debt due (transfers to Beverly Brennan Transfers and 12929 44th Street LLC). Further, SUP alleged enough facts to meet the pleading requirements under *Twombly/Iqbal*, as they allow the Court to draw a reasonable inference that Mr. Brennan made the fraudulent transfers. Thus, as the Court has ancillary jurisdiction over Count II and the claim meets the pleading requirements, the Defendants' request for dismissing Count II of the Supplemental Complaint is also due to be denied.

### C. Count III – Avoidance and Recovery of Constructively Fraudulent Transfers pursuant to Sections 726.105(a)(b) and 726.106 (against Beverly Brennan and 12929 44th Street, LLC)

The Defendants also argue that Count III should be dismissed for two reasons. First, the Defendants contend that SUP failed to satisfy the pleading standard set forth in *Iqbal*. Second, the Defendants contend that the Court does not have ancillary jurisdiction.[1]

---

[1] As SUP similarly seeks to recover the value of the fraudulently transferred assets to Beverly Brennan and 12929 44th Street LLC under Fla. Stat. § 726.105, rather than their co-liability on the Final Judgment, the Court also finds that it has ancillary jurisdiction over Count III for the same reasons discussed in Count II.

SUP alleged enough facts to satisfy the pleading standard set forth in *Iqbal* and the required factors under the statute. First, a creditor must specifically identify a creditor and a debtor. *Newman v. William L. Gunlicks Irrevocable Tr.*, 897 F. Supp. 2d 1270, 1275 (M.D. Fla. 2012). As previously stated, SUP successfully identified themselves as the creditor and Mr. Brennan as the debtor. Further, for a creditor to successfully plead an allegation of constructive fraud, they must show that "the debtor did not receive reasonable value for the transfer and either (1) the debtor was engaged or was about to engage in a business or transaction for which the debtor's remaining assets were unreasonably small in relation, (2) the debtor intended to, believed, or reasonably should have believed that she would incur debt beyond what she could pay as the debt became due, or (3) the debtor was insolvent at the time of the transfer." *Wells Fargo Bank, N.A. v. Barber*, 85 F. Supp. 3d 1308, 1317 (M.D. Fla. 2015).

In *Barber*, a creditor survived a motion to dismiss for failing to satisfy the pleading standard when they similarly sought to avoid allegedly fraudulent transfers by a judgment debtor who owed them money from a state court judgment. *Barber*, 85 F. Supp. 3d at 1310-18. The court in *Barber* found that the judgment creditor's complaint sufficiently pled the claims, even though they did not prove every factor. *Id.* The court held that the motion to dismiss stage was not the time to weigh the entire case, but only to establish a prima facie case. The creditor succeeded by alleging enough facts to show that constructive fraudulent transfers were plausible. *Id.* Some examples of their sufficient allegations include that the "[judgment debtor] transferred the funds shortly after the state court entered summary judgment against her and shortly before [creditor] sued [judgment debtor] for a deficiency judgment…; [judgment debtor] did not receive any consideration … for the funds transferred; and [judgment debtor] was insolvent at the time she made the transfers…, as the summary judgment against her was

in excess of $66 million." *Id*. Similarly, SUP's allegations were *nearly identical* to the creditor's allegations in *Barber*. Specifically, SUP alleged that

> Each of the Constructively Fraudulent Transfers resulting in proceeds being paid to Beverly Brennan and 12929 44th Street, LLC were made when Defendants were engaged or were about to engage in business or a transaction (specifically the Judgment to SUPCO) for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that the or she would incur, debts beyond his or her ability to pay as they became due.
>
> \*\*\*
>
> The Constructively Fraudulent Transfers were fraudulent as to SUPCO whose claim arose before the Constructively Fraudulent Transfers were made or the obligations were incurred, and the Defendants/Debtors made the transfers without receiving a reasonably equivalent value in exchange for the transfers or obligations and the Defendants/debtors were insolvent or became insolvent as a result of the transfers or obligations.

(Doc. 82, at ¶¶ 34-35). As such, akin to *Barber*, the Court finds that SUP's allegations suffice to survive the motion to dismiss stage. Thus, as the Court has ancillary jurisdiction over Count III and the claim meets the pleading requirements, Defendants' request for dismissing Count III of the Supplemental Complaint is also due to be denied.

### D. Count IV – Conspiracy to Defraud (against David Ross Brennan, Beverly Brennan, and 12929 44th Street LLC)

During the telephonic hearing held before the Court on November 14, 2018, SUP consented on the record to withdraw Count IV from the Supplemental Complaint. Accordingly, the Court need not address the Defendants' Motions to Dismiss as pertaining to Count IV.

### E. Count V – Equitable Relief (against David Ross Brennan, Beverly Brennan, and 12929 44th Street LLC)

Finally, the Defendants argue that Count V should be dismissed for two reasons. First, the Defendants contend that SUP failed to satisfy the pleading standard set forth in *Iqbal*.

Second, the Defendants contend that the Court does not have ancillary jurisdiction. Specifically, the Defendants contend that the Court does not have ancillary jurisdiction over Count V because SUP is seeking to impose liability upon third parties for a prior judgment (Doc. 113). Were SUP seeking relief "of a different kind or on a different principle than that of the prior decree," ancillary jurisdiction would not be appropriate. *Peacock*, 516 U.S. at 358. However, as the Court established for Counts II and III, there is ancillary jurisdiction over Count V as SUP is *not* seeking to impose co-liability for the Final Judgment or bring forth new theories of liability. Fla. Stat. § 726.108(2) provides that, "[i]f a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds." Fla. Stat. § 726.108(2). As such, SUP is availing itself of a creditor remedy provided by Fla. Stat. § 726.108(2) which is "necessary to enable a court to function successfully, manage its proceedings, vindicate its authority, *and effectuate its decrees*." *Peacock*, 516 U.S. at 354 (citing *Kokkonen v. Guradian Life Ins. Co.*, 511 U.S. 375, 379-80 (1994) (emphasis added). SUP is merely seeking that the Court effectuate its decree by "levy[ing] on the proceeds of the fraudulent transfer identified in the Final Judgment in the joint accounts of David Brennan and Beverly Brennan, and 12929 44th Street LLC" (Doc. 82).

Further, SUP alleged enough facts to satisfy the pleading standard set forth in *Iqbal* and the required factors under the statute. Fla. Stat. § 726.108(2) requires that a plaintiff sufficiently plead the existence of a previous judgment, in addition to a fraudulent transfer of funds that could have paid that judgment. *Sallah ex rel. MRT LLC v. Worldwide Clearing LLC*, 860 F. Supp. 2d 1329, 1335 (S.D. Fla. 2011). In *Sallah*, a creditor's pleading was sufficient because a previous judgment existed and the creditor also alleged that the Judgment Debtors used "MRT LLC to operate a Ponzi scheme, that they exercised dominion and control over MRT LLC, and that they directed or executed fraudulent transfers out of MRT LLC's accounts." *Id*. Similarly,

the Defendants have yet to pay on the original judgment owed to SUP. Further, as previously noted, SUP stated enough facts to sufficiently plead the plausibility of actual or constructive fraudulent transfers under the *Twombly*/*Iqbal* standard. Thus, as the Court has subject matter jurisdiction over Count V and the claim meets the pleading requirements, the Defendants' request for dismissing Count V of the Supplemental Complaint is also due to be denied.

**IV.     Conclusion**

After consideration, it is hereby

ORDERED:

1. Defendants' Motions to Dismiss (Docs. 98 & 113) are DENIED as to Counts I, II, III, and V.

2. Upon SUP's consent to withdraw Count IV, Count IV of the Supplemental Complaint is hereby dismissed.

DONE AND ORDERED in Tampa, Florida, on this 29th day of March, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record